## Commonwealth *vs.* Travis Powell.

Norfolk. November 4, 2008. - March 3, 2009.

Present: Marshall, C.J., Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Constitutional Law,* Separation of powers. *Executive. Practice, Criminal,* Dismissal, Indictment, Continuance without a finding, Probation, Plea.

This court concluded that unless the statutory language of an offense prohibits the dismissal of an indictment charging such an offense, a Superior Court judge may dismiss an otherwise valid indictment in the interests of justice after a guilty plea and after the satisfaction of conditions, with the Commonwealth permitted to exercise its right of appeal at the time the judge disposes of the case. [323-327]

The record of a criminal matter provided a sufficient basis for this court to conclude that the trial court judge did not abuse her discretion by ruling that the interests of public justice warranted a dismissal of the indictment after a period of time and contingent on the defendant's compliance with certain conditions [328]; however, where the judge did not label her disposition a "continuance without a finding," this court remanded the matter to Superior Court to correct the docket entry [328-330].

Indictment found and returned in the Superior Court Department on January 9, 2002.

Following an acceptance of a plea of guilty and the imposition of a term of probation by *Elizabeth Butler,* J., a motion to compel dismissal of the indictment, filed on September 5, 2006, was heard by *Barbara A. Dortch-Okara,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Pamela Alford,* Assistant District Attorney *(Brian A. Wilson,* Assistant District Attorney, with her) for the Commonwealth.

*Carlo A. Obligato,* Committee for Public Counsel Services, for the defendant.

Cordy, J. In *Commonwealth* v. *Cheney,* 440 Mass. 568, 574 (2003) *(Cheney),* we concluded that "judicial power does not extend to authorize a judge to dismiss an otherwise legally adequate indictment, prior to verdict, finding, or plea [over the

Commonwealth's objection], in the 'interests of public justice.' " Our ruling was based on the principle of separation of powers, set forth in art. 30 of the Massachusetts Declaration of Rights, that does not "permit judges to substitute their judgment as to whom and what crimes to prosecute, for the judgment of those who are constitutionally charged with that duty." *Id.* at 575.

At issue in *Cheney* was the decision of a Superior Court judge to dispose of indictments for rape of a child by placing the defendant "on pretrial probation and . . . continu[ing] the case without a change of plea or an admission to sufficient facts" for six months after which the judge dismissed the indictment by following the procedures outlined in *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971) (*Brandano*). *Cheney, supra* at 569. The court vacated the dismissal and remanded the case for further proceedings in the Superior Court. *Id.* at 575.

In the present case, we must decide whether a Superior Court judge may dismiss an indictment in the interests of justice (over the Commonwealth's objection) after accepting a guilty plea and after the successful completion by the defendant of what the judge characterized as conditions of probation. We must also decide whether the form of disposition imposed by the judge, the filing of the indictment without a finding of guilt to be dismissed on compliance with conditions of probation, is consistent with the statutes and the rules of criminal procedure that govern such matters.

We conclude that a Superior Court judge may dismiss a valid indictment, in certain circumstances, after accepting a guilty plea, by "continuing the case without a finding," and imposing conditions.

1. *Background.* On January 9, 2002, an indictment was returned charging the defendant, Travis Powell, with unarmed burglary in violation of G. L. c. 266, § 15. On June 18, 2003, following a full plea colloquy, Powell pleaded guilty to the indictment. The judge accepted Powell's guilty plea, and in "the interests of justice," "plac[ed] it on file" without entering a guilty finding and imposed a three-year term of probation with conditions.[1] The judge stated that if Powell complied with

---

[1] In a "disposition memorandum" prepared by the judge on June 18, 2003, the following conditions were imposed on Travis Powell: monthly reporting to

all of the conditions of probation, "it is anticipated that the court will dismiss the case" in accordance with the procedure outlined in *Brandano, supra* at 337. The Commonwealth filed a motion for clarification on June 23, 2003, pointing out that although the June 18, 2003, docket entry stated that the case was "[f]iled with no guilty finding entered," the judge's "disposition memorandum" noted that "the interests of justice warrant[ed] accepting the plea of guilty, [and] placing it on file." The judge ruled that the docket entry was correct. On July 7, 2003, the Commonwealth filed a notice of appeal from the judge's disposition of the indictment. The Commonwealth did not prosecute this appeal.

Six months later, in light of this court's decision in *Cheney*, the Commonwealth filed motions for reconsideration and for the entry of a guilty finding and a sentencing hearing. On July 16, 2004, the Commonwealth's motions were denied.[2] The Commonwealth did not appeal.

Powell's probation was terminated on August 8, 2006, and he was discharged, having complied with all of its terms and conditions. The Commonwealth moved to vacate the termination of probation and discharge, and renewed its motion for the entry of a finding of guilt and the scheduling of a sentencing hearing. Powell filed a motion to dismiss the indictment and then a motion to compel dismissal and preclude objection by the Commonwealth on the ground that the Commonwealth waived its right to object to the dismissal by failing timely to pursue its right to appeal. After a hearing, a judge dismissed the indictment, ruling both that the remedy sought by the Commonwealth was unjust because Powell had completed the terms of his probation and the Commonwealth had not pursued earlier opportuni-

probation by telephone and twice yearly in person, abstaining from alcohol and drugs (except those prescribed by a physician), remaining in school, paying all applicable probation and court fees, and refraining from violating any law. During the June 18, 2003, plea hearing, the judge also stated that Travis Powell was to keep his address and telephone number current with the probation department, and that the probation department was to run a monthly Criminal Offender Record Information (CORI) check. The Superior Court docket contains all of these conditions.

[2] The judge who accepted Powell's guilty plea and entered the disposition at issue had retired, and a different judge held a hearing and denied the Commonwealth's motions.

ties to appeal from the disposition; and that the *Cheney* decision did not preclude the dismissal of the indictment because the judge had imposed the disposition after accepting the defendant's guilty plea, which the dismissal "does not erase," and had not therefore interfered with the Commonwealth's judgment to prosecute the case. See *Commonwealth* v. *Pyles*, 423 Mass. 717, 719 (1996) (prosecutor has "broad discretion in deciding whether to prosecute a case"). The Commonwealth filed a notice of appeal on March 1, 2007, and we allowed Powell's application for direct appellate review.

2. *Discussion.* In *Brandano, supra* at 334-335, the court distinguished the authority of a judge to dismiss an otherwise valid criminal charge (in the interests of justice) prior to a trial or guilty plea, from the authority to dismiss such a charge after a trial or a guilty plea. The court explained that in the former circumstance the effect of the judge's action is that of "quashing or entering a *nolle prosequi*," *id.* at 335, quoting *Commonwealth* v. *Bressant*, 126 Mass. 246, 247 (1879), a power reserved for the executive branch, while the latter "involves no interference with the proper function of prosecuting officials." *Brandano, supra.* The authority for the former it described as constitutionally questionable, and the latter, as "well established." *Id.* The *Brandano* court went on to delineate an adversary, evidentiary procedure that it believed would satisfy the constitutional question of dismissal prior to a trial or guilty plea, although it explicitly did not decide "the ultimate question of [its] constitutionality." *Id.* at 337.

In *Cheney, supra* at 568, 574, we confronted the constitutional question and essentially disagreed that such a procedure was adequate in the face of the requirements of art. 30 that the judiciary "shall never exercise the . . . executive powers." The circumstances we confront in the present case are different. The disposition of a criminal case after a trial or a guilty plea by a dismissal contingent on conditions does not constitute the improper entry of a nolle prosequi, and does not infringe on the powers of the executive branch, at least where the disposition imposed by the judge is one that is recognized by the Legislature. See *Commonwealth* v. *Pyles, supra* at 723 (upholding Legislature's enactment of G. L. c. 278, § 18, which permits disposition of continu-

ance without a finding [CWOF] and dismissal after guilty plea, against separation of powers challenge by Commonwealth).

As we have noted in prior decisions, the Legislature has, by enacting G. L. c. 278, § 18, provided a statutory procedure available in the District, Juvenile, and Boston Municipal Courts for the disposition of criminal cases by means of a CWOF, the imposition of conditions, and dismissal.[3] In those courts, this statutory procedure replaced the practice of CWOF dispositions that followed in the wake of *Brandano*.[4] The procedure requires that the defendant tender a plea of guilty (or admit to sufficient facts) as a precondition to such a disposition.[5] Although the Legislature

[3]General Laws c. 278, § 18, provides in pertinent part: "A defendant who is before the Boston municipal court or a district court or a district court sitting in a juvenile session or a juvenile court on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of [G. L. c. 276, § 87]. If such a plea, with an agreed upon recommendation or with a dispositional request by the defendant, is tendered, the court shall inform the defendant that it will not impose a disposition that exceeds the terms of the agreed upon recommendation or the dispositional request by the defendant, whichever is applicable, without giving the defendant the right to withdraw the plea.

"If a defendant, notwithstanding the requirements set forth hereinbefore, attempts to enter a plea or statement consisting of an admission of facts sufficient for finding of guilt, or some similar statement, such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section."

[4]See *Commonwealth* v. *Cheney*, 440 Mass. 568, 571 (2003) (noting that *Commonwealth* v. *Tim T.*, 437 Mass. 592 [2002], implied that G. L. c. 278, § 18, displaced *Commonwealth* v. *Brandano*, 359 Mass. 332 [1971] [*Brandano*], as the only method for a dismissal "in the interests of public justice" in the Juvenile Court, District Court, and Boston Municipal Court). See also *Commonwealth* v. *Tim T.*, *supra* at 594-597; *Commonwealth* v. *Rotonda*, 434 Mass. 211, 217-218 (2001); *Commonwealth* v. *Pyles*, 423 Mass. 717, 723, (1996).

[5]This was not a precondition to such a disposition as provided for in *Brandano*.

did not make G. L. c. 278, § 18, applicable to criminal proceedings in the Superior Court, we do not infer that it intended to bar the imposition of such dispositions in cases pending there, unless otherwise prohibited by law.[6] Rather, the Legislature has delineated expressly crimes, over which neither the District Court nor the Boston Municipal Court has jurisdiction, where such dispositions may not be utilized.[7] The Legislature has thus acknowledged that the disposition of "continued without a finding" remains available in the Superior Court for those offenses that do not prohibit such dispositions.[8] Cf. *Commonwealth* v.

---

[6]We have previously concluded that Mass. R. Crim. P. 28 (a), 378 Mass. 898 (1979), does not permit a judge to continue a case without a finding after a trial has been held. *Commonwealth* v. *Norrell*, 423 Mass. 725, 727 (1996) (rule 28 [a] requires entry of finding of guilty or not guilty after bench trial). Rule 28 (a) provides that, "[i]f the defendant has been determined to be guilty, a verdict or finding of guilty shall be rendered, or if he has been determined to be not guilty, a verdict or finding of not guilty shall be rendered, in open court, and shall be entered on the court's docket." We are not persuaded by the Commonwealth's contention that this rule also precludes a judge from continuing a case without a finding after a guilty plea. Rule 28 (a) makes no mention of entering a verdict or finding after a guilty plea or admission to sufficient facts. In contrast, Mass. R. Crim. P. 28 (b), 378 Mass. 898 (1979), provides for the imposition of sentence after "verdict, finding, or plea of guilty, or a plea of nolo contendere, or an admission to sufficient facts."

[7]See, e.g., G. L. c. 90B, § 8A (1) (causing serious bodily injury by recklessly or negligently operating vessel while under influence of liquor or drugs); G. L. c. 90B, § 8B (1) (causing homicide by recklessly or negligently operating vessel while under influence of liquor or drugs); G. L. c. 265, § 22A (rape of child under sixteen years by force); G. L. c. 265, § 23 (rape of child); G. L. c. 265, § 43 (c) (stalking; second or subsequent offense); G. L. c. 269, § 10 (m) (unlawful carrying of dangerous weapon, large capacity weapon, or large capacity feeding device therefor); G. L. c. 269, § 10E (unlawful sale of quantity of firearms); G. L. c. 269, § 10F (illegal sale of large capacity weapons); G. L. c. 269, § 10G (violations of G. L. c. 269, § 10 [a], [c], or [h], by persons previously convicted of violent crimes or serious drug offenses); G. L. c. 272, § 4B (deriving support from child prostitution).

We acknowledge that it may be possible for some of these offenses to be disposed of in juvenile proceedings outside the Superior Court. For example, a juvenile indicted as a youthful offender under G. L. c. 119, § 54, for violating a criminal statute would be tried in the Juvenile Court. See *Commonwealth* v. *Dale D.*, 431 Mass. 757, 759 (2000) ("Whether proceeded against by complaint or indictment [under G. L. c. 119, § 54], the case is tried in the Juvenile Court"). See also *Commonwealth* v. *Tim T.*, *supra* at 592-593 (indictment of juvenile as youthful offender under G. L. c. 119, § 54, for violating G. L. c. 265, § 23, disposed of in juvenile session of District Court).

[8]The statutory language barring the use of dispositions of continuance

*Simmons*, 448 Mass. 687, 694 (2007) (although practice of placing cases "on file" with guilty finding is not specifically authorized in General Laws, it enjoys strong legislative recognition where Legislature has delineated crimes "where the case may not be placed on file").

A recent amendment to the sentencing provisions of G. L. c. 6, § 178H (failure to register as sex offender), is illustrative. Under § 178H (*a*) (2), a second and subsequent conviction can only be disposed of in the Superior Court. Prior to 2006, the statute provided that certain prosecutions commenced thereunder "shall neither be continued without a finding nor placed on file." G. L. c. 6, § 178H (*c*), as appearing in St. 1999, c. 74, § 2. In 2006, the statute was amended in several respects. The amendments eliminated the section prohibiting prosecutions from being continued without a finding, St. 2006, c. 303, § 5, and enhanced the penalty for a "second and subsequent conviction" by adding a further "sentence of community parole supervision for life [to] commence immediately upon the expiration of [a prison sentence, probation, parole or] a continuance without a finding," St. 2006, c. 139, § 27; thus, plainly anticipating that a CWOF disposition could be imposed by a Superior Court judge in such a case.

The procedure used in this case does not present the concern that we expressed in *Commonwealth* v. *Tim T.*, 437 Mass. 592, 596-597 (2002), about unfair prejudice to the Commonwealth. In that case, we held that a judge in the juvenile session of the District Court could not dispose of a case over the Commonwealth's objection by imposing a term of probation under G. L. c. 276, § 87, without first complying with G. L. c. 278,

without a finding (CWOF) in the crimes listed in note 7, *supra*, was added after *Brandano* was decided and, in most cases, after G. L. c. 278, § 18, as appearing in St. 1992, c. 379, § 193, was amended to provide for CWOF dispositions in the District Court and the Boston Municipal Court, and later in the Juvenile Court. St. 1996, c. 200, § 37. See, e.g., G. L. c. 90B, § 8A (1), inserted by St. 1994, c. 318, § 17; G. L. c. 90B, § 8B (1), inserted by St. 1994, c. 318, § 17; G. L. c. 265, § 22A, as amended through St. 1998, c. 194, § 237; G. L. c. 265, § 23, as amended through St. 1998, c. 194, § 238; G. L. c. 265, § 43 (*c*), inserted by St. 1992, c. 31; G. L. c. 269, § 10 (*m*), inserted by St. 1998, c. 180, § 70; G. L. c. 269, § 10E, inserted by St. 1994, c. 24, § 8; G. L. c. 269, § 10F, inserted by St. 1998, c. 180, § 71; G. L. c. 269, § 10G, inserted by St. 1998, c. 180, § 71; G. L. c. 272, § 4B, inserted by St. 1979, c. 676.

§ 18, which requires a guilty plea or admission to sufficient facts. *Id.* at 594-595. We emphasized that "in the event the probationary terms were violated, the only recourse would be to return the case to the trial calendar." *Id.* at 596. In such circumstances, the Commonwealth would then "face the task of prosecuting a stale case, with all the difficulties that plague such a delayed trial — disintegrating evidence, fading memories, inability to locate crucial witnesses." *Id.* We noted that a "continuance without a finding under G. L. c. 278, § 18, eliminates this prejudice by obtaining, in advance of the continuance, the defendant's admission, so that any violation of the probationary terms may lead directly to an adjudication of guilt and imposition of sentence." *Id.* This concern applies with equal force to cases disposed of in the Superior Court. The Superior Court judge in this case, however, avoided the problem of unfair prejudice to the Commonwealth by accepting a guilty plea from Powell before placing him on probation. "[A]ny violation of the probationary terms [would] lead directly to an adjudication of guilt and imposition of sentence," *id.*, thereby eliminating the problem that we identified.

Accordingly, unless the statutory language of the charged offense prohibits it, the dismissal of an indictment in the interests of justice after a guilty plea and after the satisfaction of conditions remains a viable disposition in the Superior Court.[9] For reasons of practicality and fairness, the Commonwealth should be permitted to exercise its right of appeal pursuant to G. L. c. 278, § 28E, and Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 (1996), at the time the judge disposes of the case as if it were an appeal from a dismissal.

---

[9] "We recognize that the 'continuance without a finding' is a procedure which often serves the best interests of both the Commonwealth and the defendant. The benefit to a defendant is obvious: he may be able to avoid a trial and 'earn' a dismissal of the indictment or complaint, thereby avoiding the consequences of having a criminal conviction on his record. These advantages would be especially appealing to a first offender or a defendant whose job security or family situation might be threatened by a conviction. The Commonwealth avoids the more time-consuming process of trial and sentencing." *Commonwealth* v. *Duquette*, 386 Mass. 834, 843 (1982).

The use of such dispositions, over the Commonwealth's objection, in cases pending before the Superior Court (which disposes of the most serious criminal matters), ought to be issued sparingly. In such cases, the judge's reasons should be, as here, fully explained.

This case was initially disposed of on June 18, 2003. At that time, the judge made written findings as to why the "interests of justice" warranted a disposition with no finding of guilt. She did so after conducting an adversary proceeding. In her "disposition memorandum," the judge noted that Powell's "life was in turmoil for several years" at the time this offense occurred; that Powell's father, with whom he shared a close relationship, moved to Georgia and his parents separated and divorced; that Powell was devastated by this change in family circumstances; and that as a result his school work and personal life suffered, and he began using alcohol. She also noted that after Powell's arrest, he "turned himself around" with the help of his parents and the Franklin High School community; conformed to parental and school rules; and disassociated himself from old companions and achieved academic success. The judge referenced a letter written by the assistant principal of Franklin High School in June, 2002, confirming that Powell had transformed. She further noted that after graduating high school in 2002, Powell moved in with his father in Georgia and began attending college; that his freshman year transcript reflected a grade point average of 3.0 for the fall semester, and he earned grades of B and A during the spring semester; that he was employed during the summer of 2003 and planned to return to college in the fall. The judge considered a statement by the victims in the case, but also took into consideration that during the incident no one was hurt, Powell made no threats, the victims never saw Powell, no physical damage was done to the home, and no weapon was seen or used. This memorandum provides a sufficient basis on which an appellate court can conclude that the judge did not abuse her discretion by ruling that the interests of public justice warranted a dismissal of the indictment after a period of time and contingent on the compliance with conditions. See *Commonwealth* v. *Pyles*, 423 Mass. 717, 723-724 (1996).

Nevertheless, the Superior Court judge in this case did not label her disposition a "continuance without a finding." The docket indicates that Powell "plead[ed] guilty," but it also states that the indictment was "[f]iled with no guilty finding entered." Placing an indictment on file without the consent of the Commonwealth, however, is inconsistent with our long-established

practice. See *Commonwealth* v. *Simmons*, 448 Mass. 687, 693-694 (2007), quoting *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133, 136 (1874) (describing "common practice" of laying indictments on file "with the consent of the defendant and of the attorney for the Commonwealth"). See also G. L. c. 277, § 70B (requiring written statement of reasons prior to filing case "on motion of a district attorney or assistant district attorney"); Fisher, Plea Bargaining's Triumph, 109 Yale L.J. 857, 936-965 (2000) (concluding practice of placing cases "on file" in Massachusetts was used by prosecutors, since its origin, as form of plea bargaining that served as predecessor to modern probation). Moreover, consistent with its historical origins, the purpose of placing a case "on file" is to suspend sentencing indefinitely, *Commonwealth* v. *Simmons*, *supra* at 688, 693, not to prevent a guilty finding from entering on the record. The purpose of the disposition imposed in this case was clearly to protect Powell's criminal record by avoiding the entry of a guilty finding in the event that he complied with the conditions outlined by the judge. The judge's disposition here was essentially a "continuance without a finding" because the judge declined to enter a guilty finding, and delayed the anticipated dismissal of the case, which was conditioned on Powell's compliance with specific terms and conditions of what the judge characterized as probation. Cf. G. L. c. 278, § 18 (statutory procedure for case to be "continued without a finding" in Juvenile Court, Boston Municipal Court, or District Court); *Commonwealth* v. *Duquette*, 386 Mass. 834, 837-838 (1982) (describing practice of "continuing without a finding" in District Court before it was codified in G. L. c. 278, § 18, in 1992; see note 8, *supra*).

As a result, the case must be remanded to the Superior Court to correct the docket entry, see *Commonwealth* v. *Sebastian S.*, 444 Mass. 306, 312 (2005) ("uniformity, accuracy, and consistency in the description of dispositions is of systemic importance"),[10] to reflect that the indictment was continued without a

[10]In *Commonwealth* v. *Sebastian S.*, 444 Mass. 306, 307 (2005), we concluded that there was "no legally cognizable disposition of 'pretrial probation' after an 'admission to sufficient facts' distinct from a 'continu[ance] without a finding' conditioned on probation, a disposition authorized by G. L. c. 278, § 18," and remanded the cases for the correction of the dockets to reflect the lawful sentences of " 'continuance without a finding' conditioned on probation."

finding of guilt, after a guilty plea, with conditions, and then dismissed.[11]

3. *Conclusion.* The case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*

---

[11]Given our resolution of this case, we need not reach Powell's contention that because he was discharged after successfully completing his probationary term, due process and fundamental fairness dictate that he cannot be compelled to withdraw his guilty plea and either plead guilty to a lesser offense and be sentenced again or to stand trial.