NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13379

COMMONWEALTH vs. MICHAEL J. MCNEIL.

Essex.     April 3, 2023. - June 28, 2023.

Present: Budd, C.J., Gaziano, Lowy, Kafker, Wendlandt, & Georges, JJ.

Shoplifting. Habitual Offender. Evidence, Other offense, Guilty plea. Practice, Criminal, Plea, Finding of guilty. Statute, Construction. Words, "Offense."

Complaint received and sworn to in the Lynn Division of the District Court Department on June 29, 2021.

After transfer to the Salem Division of the District Court Department, a motion to dismiss was heard by Randy S. Chapman, J., a question of law was reported by him to the Appeals Court, and a conditional plea was accepted by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

Valerie A. DePalma for the defendant.
Marina Moriarty, Assistant District Attorney, for the Commonwealth.
Michelle May Peterson, pro se, amicus curiae, submitted a brief.

LOWY, J.  General Laws c. 266, § 30A (§ 30A), provides that first and second offense shoplifting is punishable by fine only. Third offense shoplifting, however, is punishable by fine or imprisonment.  G. L. c. 266, § 30A.  The issue we address in this case is whether a "guilty-filed" disposition constitutes a predicate "offense" under § 30A.  We conclude that it does.[1]

Background.  The defendant, Michael J. Mcneil, was charged in the District Court with shoplifting, third offense, in violation of § 30A.  The disposition in one of the predicate offenses on which the Commonwealth relied in support of the third offense portion of the charge was a guilty-filed disposition[2] after the defendant pleaded guilty.

The defendant moved to dismiss so much of the complaint that alleged a third offense, asserting that his previous case, which was guilty-filed, cannot serve as a predicate offense. Thereafter, pursuant to Mass. R. Crim. P. 34, as amended, 422 Mass. 1501 (2004), the District Court judge reported to the Appeals Court the question whether a guilty-filed disposition

---

[1] We acknowledge the amicus brief submitted by Michelle May Peterson.

[2] As discussed in further detail infra, a guilty-filed disposition occurs where a judge suspends a defendant's sentence indefinitely only after a defendant's guilt has been adjudicated, by either a guilty verdict or guilty plea, and both the Commonwealth and the defendant have agreed to the disposition.  See, e.g., Commonwealth v. Simmons, 448 Mass. 687, 693-694 (2007).

constitutes a predicate offense under § 30A.[3]  Subsequently, the
defendant entered a conditional plea to shoplifting, third
offense, pursuant to Mass. R. Crim. P. 12 (b) (6), as appearing
in 482 Mass. 1501 (2019), conditioned on the outcome of the
reported question.  The defendant then filed a notice of appeal
from his guilty plea, which was consolidated with the reported
question, and we transferred the case sua sponte from the
Appeals Court.[4]

Discussion.  When construing a statute, "[o]ur fundamental
aim is to discern and effectuate the intent of the Legislature"
(quotation and citation omitted).  Velazquez v. Commonwealth,
491 Mass. 279, 281 (2023).  "To that end, '[t]he language of the
statute is the primary source of insight into the intent of the
Legislature'" (citation omitted).  Id.  "Therefore, where the
statute is clear and unambiguous, our inquiry into the
Legislature's intent need go no further than the statute's plain

---

[3] The question reported by the judge stated:  "Where a
defendant is charged with third offense shoplifting, does a
'guilty-filed' disposition on a shoplifting charge constitute a
conviction which may be used as a predicate offense?"

[4] Rule 12 (b) (6) of the Massachusetts Rules of Criminal
Procedure allows a defendant to tender a plea "while reserving
the right to appeal any ruling or rulings that would, if
reversed, render the Commonwealth's case not viable."  Here,
there was no ruling to appeal, as the judge had reported the
determinative issue without otherwise acting on the defendant's
motion to dismiss.  We confine our opinion and the disposition
to the reported question.

and ordinary meaning" (citation omitted). Id. "A fundamental tenet of statutory interpretation is that statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result." Sullivan v. Brookline, 435 Mass. 353, 360 (2001).

The shoplifting statute penalizes "[a]ny person who intentionally takes possession of . . . any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of [its] possession . . . without paying to the merchant the value thereof." G. L. c. 266, § 30A. Where the value of the stolen goods is less than $250, the statute provides for imprisonment only "for a third or subsequent offense." Id. Because "offense" is not defined in § 30A, we are charged with interpreting its meaning as guided by the principles of statutory interpretation discussed supra.

"The generally recognized purpose of . . . graduated sentencing laws [such as § 30A] is to punish offenses more severely when the defendant has exhibited an unwillingness to reform his miscreant ways and to conform his life according to the law" (citation omitted). Commonwealth v. Resende, 474 Mass. 455, 467-468 (2016). "[A] second or subsequent offense is often regarded as more serious because it portends greater future

danger and therefore warrants an increased sentence for purposes of deterrence and incapacitation" (citation omitted). Commonwealth v. Baez, 480 Mass. 328, 332 (2018). "Particularly salient here is the implicit link between enhanced punishment and behavioral reform, and the notion that the former should correspondingly increase along with a defendant's [forgone] opportunities for the latter" (citation omitted). Resende, supra at 467.

While we have previously explained that "offense" has different meanings in different contexts, we have noted, with specific reference to § 30A, that "sentencing statutes tend to treat the word 'offense' as synonymous with 'conviction'[5] or 'adjudication'" (emphasis added). Wallace W. v. Commonwealth,

---

[5] "The ordinary legal meaning of 'conviction' . . . is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained." Commonwealth v. LeRoy, 376 Mass. 243, 245 n.1 (1978), quoting Commonwealth v. Lockwood, 109 Mass. 323, 325 (1872). The Court in Lockwood did recognize, however, that the word conviction has sometimes been "used in a more comprehensive sense, including the judgment of the court upon the verdict or confession of guilt." Lockwood, supra at 329. The defendant argues that we should interpret the term offense in § 30A as synonymous with the latter definition of conviction and as a result a guilty-filed disposition should not constitute an offense. For the reasons discussed infra, we conclude that a guilty-filed disposition constitutes an offense under § 30A by virtue of the legislative intent behind graduated sentencing statutes and the adjudication of the defendant's guilt that is incumbent in a guilty-filed disposition.

482 Mass. 789, 796 (2019). Consistent with the legislative intent behind such statutes, we see no reason to reach a different conclusion here.

There is a long-standing practice in this Commonwealth of entering a guilty-filed disposition in certain criminal matters. See Commonwealth v. Simmons, 448 Mass. 687, 693 (2007) ("The earliest written countenance of the practice in Massachusetts is found in an 1831 decision of the old Municipal Court of Boston"). A guilty-filed disposition allows a judge discretion to suspend a defendant's sentence indefinitely so long as the defendant's factual guilt has been determined, by either a guilty verdict or guilty plea, and both the defendant and the Commonwealth consent to the guilty-filed disposition. Id. at 693-694, quoting Commonwealth v. Dowdican's Bail, 115 Mass. 133, 136 (1874).[6] See United States v. Curet, 670 F.3d 296, 302-303

---

[6] The guilty-filed practice was described in this court's seminal decision endorsing the practice as follows:

"It has long been a common practice in this Commonwealth, after verdict of guilty in a criminal case, when the court is satisfied that, by reason of extenuating circumstances, or of the pendency of a question of law in a like case before a higher court, or other sufficient cause, public justice does not require an immediate sentence, to order, with the consent of the defendant and of the attorney for the Commonwealth, and upon such terms as the court in its discretion may impose, that the indictment be laid on file . . . ."

Dowdican's Bail, 115 Mass. at 136. See Simmons, 448 Mass. at 693-694. This long-standing common law practice has been

(1st Cir.), cert. denied, 566 U.S. 1041 (2012) ("The effect of a guilty-filed disposition in Massachusetts is to suspend sentencing of the defendant; such a disposition occurs after either a verdict or plea establishing the defendant's guilt" [emphasis added]). The guilty-filed disposition developed "[a]s a predecessor to modern probation" and "allow[s] the would-be sentencing judge discretion in circumstances adjudged to be unduly harsh." Simmons, supra at 693.

We have previously stated that "a judgment of conviction does not enter unless sentence is imposed" (emphasis added), and placing a case "on file" means that a sentence is not immediately imposed; rather, it is suspended indefinitely. Simmons, 448 Mass. at 688 n.2. However, when there is a guilty-filed disposition, the judge "retains the ability, at any time, to remove the indictment from the file" and to sentence the defendant (emphasis added). Id. at 696. See Commonwealth v. Bianco, 390 Mass. 254, 259 (1983) ("As we have already indicated, it is always within the power of the [judge] to remove an indictment from the file and to impose a sentence thereon"). The reason that the judge has this authority is that the defendant's guilt has been formally adjudicated by either an

---

acknowledged by and "enjoys the support of the Legislature." Id. at 694 (inferring support where "Legislature has not merely acquiesced [to guilty-filed practice], but has delineated expressly crimes where the case may not be placed on file").

accepted guilty plea or a guilty verdict at trial.  See, e.g., Simmons, supra at 693-694 (guilty-filed disposition enters after guilty verdict); MacDonnel v. Commonwealth, 353 Mass. 277, 278 (1967) ("he pleaded guilty and the complaint was placed on file").  In short, the entry of a guilty-filed disposition necessarily entails an adjudication of the defendant's guilt.[7]

Thus, "[t]he point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity" (citation omitted), Resende, 474 Mass. at 467, and the purpose of a guilty-filed disposition is to suspend sentencing, "not to prevent a guilty finding from entering" (emphasis added), Commonwealth v. Powell, 453 Mass. 320, 329 (2009).  See Wallace W., 482 Mass. at 796-797; Simmons, 448 Mass. at 692-700. While no sentence is imposed with the entry of a guilty-filed disposition, there is a definitive adjudication of guilt, and therefore, in keeping with the statutory purpose of increased penalties for those who are repeatedly adjudged guilty of

---

[7] As illustrated in Commonwealth v. Powell, 453 Mass. 320, 328-330 (2009), a factual determination of the defendant's guilt is essential to a guilty-filed disposition. The suspension of a sentence without such a determination necessarily constitutes a continuance without a finding.  Id.  See Commonwealth v. Millican, 449 Mass. 298, 304 (2007) ("A continuance without a finding requires either a plea of guilty or an admission to sufficient facts to warrant a finding of guilty").

criminal wrongdoing, it is clear that a guilty filed disposition constitutes an offense under § 30A.[8]  See Resende, supra.

Conclusion.  We answer the reported question in the affirmative and hold that a guilty-filed disposition constitutes an offense under G. L. c. 266, § 30A.

So ordered.

---

[8] Our conclusion that a guilty-filed disposition constitutes a predicate offense due to the formal adjudication of a defendant's guilt is consistent with how the United States Court of Appeals for the First Circuit has considered the applicability of a guilty-filed disposition in similar contexts. See, e.g., Curet, 670 F.3d at 307-308 (defendant's prior guilty-filed disposition was valid predicate for career offender purposes because it involved prior adjudication of defendant's guilt).