Commonwealth *vs.* Victor M. Guzman; Attorney General, intervener.

Middlesex. February 6, 2006. - March 29, 2006.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Accord and Satisfaction. Constitutional Law,* Separation of powers. *Statute,* Construction. *Public Policy.*

This court concluded that G. L. c. 276, § 55, which allows a judge to dismiss a criminal misdemeanor complaint by sanctioning an accord and satisfaction executed by the injured party, violated neither the separation of powers doctrine as set forth in art. 30 of the Massachusetts Declaration of Rights [345-349] nor public policy [349].

Complaint received and sworn to in the Cambridge Division of the District Court Department on October 20, 2003.

A motion to dismiss was heard by *Jonathan Brant,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Christopher W. Spring,* Assistant District Attorney (*Loretta M. Lillios,* Assistant District Attorney, with him) for the Commonwealth.

*Joseph W. Monahan, III,* for the defendant.

*Daniel I. Smulow,* Assistant Attorney General, for the intervener.

*Nona E. Walker,* Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

Ireland, J. A Cambridge District Court judge dismissed a criminal complaint against the defendant for assault and battery on his wife, based on her execution of an accord and satisfaction. G. L. c. 276, § 55. The Commonwealth appealed, arguing, in essence, that the statute violates the separation of powers pursuant to art. 30 of the Massachusetts Declaration of Rights and violates public policy. We transferred the case to this court on

our own motion. Because we conclude that the statute is constitutional and there is no merit to the Commonwealth's public policy argument, we affirm the judge's decision.

*Facts and procedural background.* The following is taken from the judge's decision, the police report, the accord and satisfaction, and a supporting affidavit. On October 18, 2003, police responded to a report of a woman yelling at the defendant's home. After police entered the home, they observed that the defendant's wife had an injury to her eye. The police arrested the defendant after he told them that he struck his wife during an argument. The defendant was charged with the assault and battery of his wife and was conditionally released on his own recognizance.

In January, 2004, the defendant filed an accord and satisfaction executed by the wife. The Commonwealth opposed dismissal, arguing that G. L. c. 276, § 55, was unconstitutional. The judge agreed to hold a hearing on the issue and allowed the parties to make written submissions. Pursuant to G. L. c. 231A, § 8, the Commonwealth notified the Attorney General of its intention to oppose the dismissal on constitutional grounds. The Attorney General's response opposed the Commonwealth's challenge to the statute's constitutionality. After a hearing in February, 2004, the judge dismissed the case and issued a written decision stating that the statute was constitutional and finding that the accord and satisfaction and affidavit that the wife submitted were signed voluntarily.[1] This appeal followed.

*Discussion.*[2]

1. General Laws c. 276, § 55, states:

"If a person committed to jail is under indictment or complaint for, or is under recognizance to answer to, a charge of assault and battery or other misdemeanor for which he is liable in a civil action, unless the offence was

---

[1]At oral argument, defendant's counsel stated that the judge questioned the wife at the hearing, the thrust of which concerned whether her signing the accord and satisfaction was voluntary. The Commonwealth did not appeal from the judge's decision to accept the accord and satisfaction itself, thus we have no record before us of the hearing.

[2]We acknowledge receipt of an amicus brief of the Committee for Public Counsel Services.

committed by or upon a sheriff or other officer of justice, or riotously, or with intent to commit a felony, and the person injured appears before the court or justice who made the commitment or took the recognizance, or before which the indictment or complaint is pending, and acknowledges in writing that he has received satisfaction for the injury, the court or justice may in its or his discretion, upon payment of such expenses as it or he shall order, discharge the recognizance or supersede the commitment, or discharge the defendant from the indictment or complaint, and may also discharge all recognizances and supersede the commitment of all witnesses in the case."

The Commonwealth argues that the plain language of G. L. c. 276, § 55, violates the separation of powers under art. 30. Citing *Commonwealth* v. *Cheney*, 440 Mass. 568, 574-575 (2003), it argues that judges have no authority to dismiss an indictment or a complaint over the Commonwealth's objection.

Article 30[3] "provides for a separation of powers among the branches of government, essentially giving the prosecutor broad discretion in deciding whether to prosecute a case . . . [and a] decision to enter a nolle prosequi on a criminal charge rests with the executive branch of government and, *absent a legal basis*, cannot be entered over the prosecutor's objection" (emphasis added). *Commonwealth* v. *Pyles*, 423 Mass. 717, 719-720 (1996), and cases cited. See *Commonwealth* v. *Cheney*, *supra* at 574, quoting *Commonwealth* v. *Gordon*, 410 Mass. 498, 501 (1991) (judge may not preempt Commonwealth's authority to decide whether to prosecute a case, "[w]ithout any legal basis . . ."). However, the "Legislature has great latitude in defining criminal conduct and in prescribing penalties to vindicate the legitimate interests of society." *Commonwealth* v. *Pyles*, *supra* at 721.

Although the Commonwealth concedes that the Legislature has this power, it nevertheless argues that § 55 confers "unfet-

---

[3]Article 30 of the Massachusetts Declaration of Rights provides: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

tered discretion" on the judge to dismiss the case because it allows for outright dismissal without a verdict or plea, or requirement that the defendant admit to certain facts, and serves no goal related to sentencing, in contravention of the *Cheney* holding. Citing *Commonwealth* v. *Pyles, supra,* the Commonwealth further argues that, in order not to offend art. 30, statutory disposition must contain a punitive or rehabilitative element. Because the statute contains none of these requirements, the Commonwealth argues that it is the functional equivalent of a nolle prosequi and, therefore, unconstitutional.

The *Cheney* and *Pyles* cases do not support the Commonwealth's arguments. In the *Cheney* case, there was no statute to provide a "valid legal basis" for the judge to dismiss the case. Here, there is a statute. Moreover, the *Pyles* case rejected the Commonwealth's argument that a statute allowing judges in certain courts to continue a case without a finding at the request of the defendant and over the objection of the Commonwealth constituted the entering of a nolle prosequi, and held that the statute "represents the delineation by the Legislature of a dispositional option," well within the Legislature's "broad authority to classify criminal conduct, to establish criminal penalties, and to adopt rules of criminal practice and procedure." *Commonwealth* v. *Pyles, supra* at 722.[4] See *Commonwealth* v. *Rotonda,* 434 Mass. 211, 218-219 (2001) (rejecting Commonwealth's argument that judge's allowing unsupervised probation pursuant to G. L. c. 278, § 18, was equivalent to unconstitutional nolle prosequi).

The Commonwealth's attempt to distinguish § 55 from the statute at issue in the *Pyles* case by arguing that the outright dismissal allowed by § 55 is not a disposition is flawed. First, a dismissal is a disposition. See, e.g., *Commonwealth* v. *Blair,* 60 Mass. App. Ct. 741, 752 n.19 (2004) (dismissal is proper disposition where party lost right to declaratory relief for failure to exhaust administrative remedies); *Puorro* v. *Commonwealth,*

---

[4]To advance its argument that G. L. c. 276, § 55, is the equivalent of a nolle prosequi, the Commonwealth relies on the same cases relied on in *Commonwealth* v. *Pyles,* 423 Mass. 717, 723 n.8 (1996), to argue that the relevant statute authorized an improper nolle prosequi. The *Pyles* decision rejected those cases. *Id.*

59 Mass. App. Ct. 61, 67 (2003) (disposition entered as "judgment dismissing complaint"). In addition, the statute calls for dismissal of the charges, in the judge's discretion, only after an accord and satisfaction is executed. The statute thus does not give the judge unfettered discretion. Besides requiring that the injured party appear before the court and acknowledge, in writing, that he or she has been satisfied, the statute requires, among other things, that the defendant be accused of a misdemeanor for which he could be liable in a civil action, and that the crime was not committed against a law enforcement officer or with intent to commit a felony.

Although the statute directs only that the injured party "acknowledge[] in writing that he has received satisfaction for the injury," the judge, in exercising discretion whether to dismiss the charge on that basis, must be informed of what "satisfaction" has been received. This need not appear in the accord and satisfaction itself, but could be proffered in an affidavit or at a hearing. See *Commonwealth* v. *Henderson*, 434 Mass. 155, 158 (2001), quoting R.M. Kantrowitz & R. Witkin, Criminal Defense Motions § 15.11 at 544 (2d ed. 1998) ("To effectuate an accord and satisfaction the [injured party] need only proffer a written acknowledgment 'that I have received satisfaction for my injury and request that the charges be dropped' "). The satisfaction itself need not be monetary and may be de minimis.[5] Finally, if the judge dismisses the complaint pursuant to the execution of an accord and satisfaction, "it is important that the record show the reasons for the judge's [decision]. This will permit a determination that the judge properly exercised discretion . . . ." *Commonwealth* v. *Pyles*, *supra* at 723.

"The function of the legislature . . . is primary, its exercises fortified by presumptions of right and legality, and is not to be

---

[5]The Commonwealth does not argue that the judge's decision to accept the accord and satisfaction was an abuse of discretion in this case. That question is, therefore, not before us. As noted earlier, the judge did find that the wife's decision to sign the accord and satisfaction was voluntary. But there is nothing in the affidavit that demonstrates that she received any "satisfaction" for the injury from the defendant. Under our ruling today, in the future, there must be some credible evidence, proffered either in the accord and satisfaction or in an affidavit or at a hearing as to the nature of the satisfaction.

interfered with lightly, nor by any judicial conception of their wisdom or propriety." *Commonwealth* v. *Pyles, supra* at 721, quoting *Weems* v. *United States,* 217 U.S. 349, 379 (1910). We conclude that § 55 is a "valid exercise of legislative authority" and the judge did not err in declaring the statute constitutional. *Commonwealth* v. *Pyles, supra* at 723.

We understand the Commonwealth's concern that in cases like this one, where the assault and battery occurs in the context of domestic violence, that the abuser may be able to intimidate the partner or spouse into signing an accord and satisfaction. However, the seriousness of that concern does not affect whether the statute itself is constitutional.

2. The Commonwealth also argues that the statute allows for private agreements to end criminal prosecution and thus violates public policy. This argument has no merit. First, the Commonwealth's reliance on *Commonwealth* v. *Rotonda,* 434 Mass. 211 (2001), where we ruled that a judge's award of $5,000 to the victim as a condition of a continuation without a finding and dismissal was contrary to law and public policy, is misplaced. The *Rotonda* opinion stated that a payment could be proper if it were "expressly authorized by statute." *Id.* at 220, quoting *Partridge* v. *Hood,* 120 Mass. 403, 407 (1876) (upholding precursor to § 55). Second, as we stated in *Commonwealth* v. *Henderson, supra* at 159, G. L. c. 276, § 55, provides for a "publicly approved, judicially sanctioned arrangement." Thus it is not private payment. See *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 136 (1874) (accord and satisfaction itself does not end the prosecution; it is within discretion of judge to determine whether to discharge the defendant).

*Conclusion.* For the reasons set forth above, we affirm the judge's decision dismissing the complaint pursuant to an accord and satisfaction.

*So ordered.*