NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1761                                              Appeals Court


COMMONWEALTH  vs.  JOSEPH EVERETT.


No. 14-P-1761.      November 3, 2015.


Constitutional Law, Separation of powers.  Executive.  Boston
Municipal Court.  Practice, Criminal, Dismissal, Complaint.


        The Commonwealth appeals from an order dismissing -- over
objection -- a legally valid criminal complaint that charged the
defendant with operating a motor vehicle after his license had
been revoked, subsequent offense, G. L. c. 90, § 23.[1]  The
Commonwealth contends, and we agree, that here the judge,
sitting in the Boston Municipal Court, lacked the authority to
dismiss the complaint.  For his part, the defendant asserts the
judge erred only in failing to hold a hearing pursuant to
Commonwealth v. Brandano, 359 Mass. 332, 337 (1971), prior to
dismissing the matter.  He requests a remand for a Brandano-type
hearing in the interest of justice.[2]  Because the Legislature
replaced the Brandano procedure with a statutory alternative
when it rewrote G. L. c. 278, § 18,[3] for cases arising in the

_____

        [1] The State police incident report stated that the defendant
had been charged nine times with operation of a motor vehicle
after suspension of his license.

        [2] The record below is unclear as to what the defendant may
have argued to the judge.  The docket indicates that the case
was dismissed at the defendant's request, but we see no written
or oral motion to that effect in the record.

        [3] General Laws c. 278, § 18, as appearing in St. 1992,
c. 379, § 193, provides in pertinent part:

Boston Municipal, District, and Juvenile Court departments, see Commonwealth v. Powell, 453 Mass. 320, 324 (2009), we reject this request and reverse.

"[A] judge is not precluded from dismissing [a complaint] that [is] legally invalid." Commonwealth v. Cheney, 440 Mass. 568, 575 n.12 (2003). A complaint may be found invalid for a variety of reasons including, for example, that it was issued without probable cause to believe a crime was committed, see Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982), in violation of the double jeopardy clause, or where the evidence to be presented at trial is insufficient to support a conviction. See Commonwealth v. Gordon, 410 Mass. 498, 502 (1991). See also Commonwealth v. Manning, 75 Mass. App. Ct. 829, 832 (2009). However, "the judiciary does not have the power to dismiss an otherwise legally adequate complaint or indictment prior to verdict, finding, or plea, over the objection of the prosecutor." Id. at 831-832. See Commonwealth v. Tim T., 437 Mass. 592, 594-597 (2002); Commonwealth v. Cheney, supra at 574-575.

The dismissal here did not result from a legal defect in the complaint. Rather, the judge essentially articulated his view that the prosecution of this defendant would not be desirable, where the defendant had taken the steps necessary to get his license reinstated and was in need of a license to

---

"A defendant who is before the Boston municipal court . . . on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of section eighty-seven of chapter two hundred and seventy-six."

obtain employment.[4]  We do not fault the judge for calling the
matter to the attention of the prosecutor, as with the agreement
of the Commonwealth cases may be disposed of without adhering to
the requirements of G. L. c. 278, § 18.  See, e.g., Commonwealth
v. Tim T., supra at 597 (With the agreement of the parties, a
period of pretrial probation under G. L. c. 276, § 87, may serve
as a disposition resulting in dismissal of a case unless
otherwise prohibited by statute).

At one time, judges did enjoy a limited authority to
dismiss criminal complaints over the Commonwealth's objection in
"the interests of public justice" pursuant to the procedure
outlined in Commonwealth v. Brandano, 359 Mass. at 337.  This
procedure, commonly referred to as a Brandano motion or hearing,
became a familiar practice, especially within the Juvenile,
District, and Boston Municipal Court departments.  See
Commonwealth v. Cheney, supra at 572-573 (describing a Brandano-
type dismissal as a "familiar procedur[e]," especially in the
Juvenile, District and Boston Municipal Court departments).
However, the Supreme Judicial Court in more recent years
clarified that "as concerns cases pending in the Juvenile Court,
District Court, and Boston Municipal Court [from which this case
arises], a dismissal 'in the interests of public justice'" is
not an available option, unless it is done "in compliance with
the terms of G. L. c. 278, § 18" -- requiring the proffer of a
guilty plea or an admission to sufficient facts with a request
for a continuance without a finding.  See Commonwealth v.
Cheney, supra at 571.

The defendant did not follow the procedure required by
G. L. c. 278, § 18.  He tendered neither a plea of guilty nor an

_____

    [4] As reasons for the dismissal, the judge considered that
even though the defendant had defaulted on a court appearance
(and remained in default for over eighteen months), "if [the
court] were to treat this like [the defendant] had come in, he[]
almost would have been on probation for two years now since the
date of arraignment"; the defendant was only "a couple of months
away from his . . . 50th birthday," and therefore, in the
judge's estimation, had "passed [through] a lot of the
nonsense"; the defendant needed his license to work and had
"[p]aid all the money" necessary to reinstate his driver's
license; the defendant had had no further violations since
"[t]he date of [the] offense"; and, last, the automobile the
defendant drove, which was owned by the passenger, was stopped
for an expired inspection sticker, rather than for a moving
violation.

admission to sufficient facts coupled with a request for an alternative disposition such as a continuance without a finding. Therefore, no purpose would be served by remanding for a <u>Brandano</u> hearing.  The governing principle in this case is that the decision whether or not to prosecute the complaint rests within the sole discretion of the executive branch.  See <u>Commonwealth</u> v. <u>Cheney</u>, <u>supra</u> at 574.

Accordingly, we reverse the order dismissing the complaint.

<u>So ordered</u>.

<u>Zachary Hillman</u>, Assistant District Attorney, for the Commonwealth.
<u>Lois J. Martin</u> for the defendant.