The Commonwealth appeals from an order of a Boston Municipal Court judge dismissing a criminal complaint over the Commonwealth's objection. We reverse.
A criminal complaint issued on February 25, 2016, charging the defendant with failure to register as a sex offender, subsequent offense, in violation of G. L. c. 6, § 178H (a ) (2). According to the police report accompanying the complaint, the defendant, a level three sex offender, had last registered his address as 29 Alpha Road in the Dorchester section of Boston. On December 26, 2015, that address "was consumed by fire" and became uninhabitable. As of February 20, 2016, the defendant had not registered a change of address.[2]
On January 6, 2017, the Commonwealth amended the complaint to dismiss the subsequent offense component of the charge and to allege simple failure to register. See G. L. c. 6, § 178H (a ) (1). The case was called for a pretrial hearing on February 10, 2017. The defendant appeared without counsel. No attempt was made to determine defense counsel's whereabouts, to contact counsel, or to put the case on for second call. The defendant showed the judge a document that apparently indicated he had registered, and said he understood that the case would be dismissed upon presentation of his paperwork. The judge asked the Commonwealth if it was satisfied that the defendant had registered. The prosecutor indicated that she was willing to discuss a possible resolution with defense counsel, but she was not prepared to dismiss the case on the spot. Nonetheless, the judge informed the defendant, "Over the Commonwealth's objection, sir, I am dismissing your case because you are registered." The paperwork was returned to the defendant and not made part of the record.
For the reasons stated in Commonwealth v. Everett, 88 Mass. App. Ct. 902 (2015), and in the Commonwealth's brief, the judge exceeded her authority by dismissing the complaint over the Commonwealth's objection. The defendant has not articulated any viable alternative ground for affirming the judge's order. The complaint was not subject to dismissal for lack of probable cause: the facts and circumstances presented in the police report were sufficient to warrant a prudent person to believe that the defendant had committed the crime charged in the complaint. See Commonwealth v. Gallant, 453 Mass. 535, 541 (2009). If the defendant had paperwork indicating that he registered thereafter -- paperwork that is not part of the record -- it would not retroactively vitiate the validity of the complaint. Nor is the defendant entitled to dismissal of the charge based on defense counsel's unexplained and unexamined failure to show up for a scheduled hearing.
Order dismissing complaint reversed.

General Laws c. 6, § 178H, makes it a crime for a person required to register as a sex offender to "fail[ ] to provide notice of a change of address," and G. L. c. 6, § 178F 1/2, requires homeless level two or three sex offenders to appear in person at the local police department every thirty days to verify their registration data.