NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13277

COMMONWEALTH  vs.  ROBERTO ROSA & another.[1]


Suffolk.     October 7, 2022. - February 24, 2023.

Present (Sitting at Plymouth):  Budd, C.J., Gaziano, Lowy,
        Cypher, Kafker, Wendlandt, & Georges, JJ.


Practice, Criminal, Complaint, Dismissal, Delay in commencement
    of prosecution, Interlocutory appeal, District attorney,
    Judicial discretion.  Constitutional Law, Separation of
    powers.


Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on November 22, 2021.

The case was reported by Wendlandt, J.


Darcy Jordan, Assistant District Attorney, for the
Commonwealth.
Esther J. Horwich for Roberta Rosa.


GAZIANO, J.  The defendant's trial for operating a motor

vehicle while under the influence of alcohol and other related

charges was continued three times because the prosecutor was not

---

[1] Dorchester Division of the Boston Municipal Court
Department.

ready for trial.[2]  Two of these continuances were due to the unavailability of the Commonwealth's key witness, the State police trooper who had arrested the defendant.  When the witness was unavailable for a third time, the defendant moved to dismiss for lack of prosecution and requested that the Commonwealth be required to file a motion to vacate the dismissal if it chose to refile the case.  The judge granted the defendant's motion and dismissed the case without prejudice.  The order of dismissal also required the Commonwealth to file a motion to vacate if it decided to proceed with the prosecution of the case.  The Commonwealth then sought extraordinary relief in the county court, pursuant to G. L. c. 211, § 3, on the ground that the judge's order violated the district attorney's constitutional authority to choose which cases to prosecute.  A single justice reserved and reported the case to the full court.

We conclude that the judge's decision to require the Commonwealth to seek court approval before refiling charges was an abuse of discretion.  Article 30 of the Massachusetts Declaration of Rights protects a prosecutor's right to decide whether to prosecute a defendant and for which offenses; a court may not impede the exercise of that right by imposing an

---

[2] Although the Commonwealth commenced this action by filing a petition in the county court, for convenience we refer to the respondent as the "defendant."

additional requirement on the prosecution before it can refile the charges.

1. Background. On January 2, 2020, a complaint issued in the Boston Municipal Court charging the defendant with operating a motor vehicle while under the influence of alcohol, G. L. c. 90, § 24 (1) (a) (1); negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a); possession of an open container of alcohol in a motor vehicle, G. L. c. 90, § 24I; and a marked lanes violation, G. L. c. 89, § 4A. A jury trial was scheduled for February 27, 2020.

On what would have been the first day of trial, the Commonwealth's request for a continuance was allowed because its key witness, the State police trooper who had stopped and arrested the defendant, was unavailable, as she had been summonsed to appear in a different court. The case then was rescheduled two more times due to the state of emergency arising from the COVID-19 pandemic. Thereafter, on August 4, 2020, trial again was continued because the Commonwealth was not ready for trial, and the defendant's motion to dismiss was denied. A jury-waived trial was scheduled for September 4, 2020. On that date, the Commonwealth answered not ready for trial because the State police trooper was on vacation. Again, the defendant's motion to dismiss was denied. A jury-waived trial was rescheduled for November 9, 2020, and, on the scheduled day,

trial again was continued. A jury trial subsequently was scheduled for March 8, 2021, but was rescheduled because there were no jurors. For reasons not indicated in the record, on May 13, 2021, the jury trial was continued to July 7, 2021, and, on that date, trial again was continued, this time to October 12, 2021. By that point, four Boston Municipal Court judges had allowed continuances of the trial.

On the morning of October 12, 2021, the Boston Municipal Court judge who had allowed the continuance on November 9, 2020, presided. When the judge asked whether the Commonwealth was ready for trial, the prosecutor responded that it was not. The prosecutor explained that, although the State police trooper had sent an electronic mail message to the prosecutor one week previously to confirm the date of trial, the trooper had called earlier that morning to say that she had had a family emergency and was unable to appear. The prosecutor requested that the trial again be rescheduled, asserting, "I understand today is the trial date and this has been on for trial several times, but there was a family emergency on her end, and I did expect her to come today."

Defense counsel objected to any further continuances. She said, "[T]his is at least three separate occasions when the [t]rooper has not been available, and I'd ask you to dismiss the matter." The judge inquired of the prosecutor whether she had

the same memory of the trooper having been unavailable on previous dates, and the prosecutor affirmed that she did.

The judge then asked the prosecutor whether, on the prior dates when the trooper had not appeared, she had received advance notice of the trooper's unavailability. The prosecutor responded, "On [August 4, 2020], . . . I knew why [the trooper] wasn't here, but I don't believe she gave me [any more] advanced notice than like the morning of." The judge said, "I appreciate that she has a family emergency today, and I'm happy that she reached out to you[.] [T]he Commonwealth, however, seems to [have] an issue of her not appearing notwithstanding today's emergency. Does the Commonwealth wish to say anything else?" The prosecutor answered, "[T]his is a very provable case with the [t]rooper. I do understand that the [t]rooper has not been here for multiple dates, and I do understand that, but . . . we possibly would take out additional charges if this case was dismissed."

The judge asked defense counsel whether she still intended to move for dismissal. Counsel responded, "I am, Judge. And I'd ask that the Commonwealth be ordered to go through proper channels of a [m]otion to [v]acate the [d]ismissal, giving notice to myself and my client if they try to reopen it."

The judge then allowed the motion to dismiss for want of prosecution and noted that the dismissal was over the

Commonwealth's objection. After dismissing the case, the judge added, "Should the Commonwealth wish to pursue this case, the Commonwealth is ordered to file a [m]otion to [v]acate the [d]ismissal, [and to] notify [the defendant and his attorney] so that we can set this up for a hearing where everybody can be heard." The judge also told the defendant, "[S]tay in contact with [your attorney]. I anticipate there will likely be a motion for you to come back into court, sir; okay?" A notation of dismissal without prejudice was entered on the docket. The Commonwealth then filed a petition for extraordinary relief pursuant to G. L. c. 211, § 3, in the county court, and a single justice reserved and reported the case, without decision, to the full court.

2. Discussion. The Commonwealth argues that the judge lacked the authority to require it to file a motion to vacate the dismissal before it could seek a new criminal complaint against the defendant. Accordingly, the Commonwealth asserts, the judge's ruling effectively was an improper dismissal with prejudice. The defendant maintains that, in allowing the prosecutor to file a motion to vacate the dismissal, the judge provided the Commonwealth with an adequate opportunity to argue, at a hearing, that the prosecutor should be allowed to refile the case. The defendant also argues that the order was

permissible, given the court's inherent authority to manage its docket.

Article 30 prohibits one branch of the government from interfering with the functions of another.  See K.J. v. Superintendent of Bridgewater State Hosp., 488 Mass. 362, 368 (2021).  Among the functions exclusively within the domain of the executive branch is "the decision to proceed with [a] prosecution."  Commonwealth v. Newton N., 478 Mass. 747, 755 (2018).  Judicial review of such a decision "would constitute an intolerable interference by the judiciary in the executive department of the government and would be in violation of art. 30."  Id. at 755-756.  For this reason, "[i]n the absence of a legal basis to do so, it is well established that a judge may not dismiss a valid complaint over the Commonwealth's objection."  Commonwealth v. Morgan, 476 Mass. 768, 780 (2017).  "[W]hen a judge, without any legal basis[,] preempts the Commonwealth's presentation of its case[,] that action effectively usurps the decision-making authority constitutionally allocated to the executive branch" (quotations, citation, and alterations omitted).  Commonwealth v. Cheney, 440 Mass. 568, 574 (2003).

A prosecutor nonetheless does not have the authority to delay prosecution indefinitely once charges have been filed. See Commonwealth v. Super, 431 Mass. 492, 499 (2000); Mass. R.

Crim. P. 36 (b), as amended, 422 Mass. 1503 (1996) (requiring that defendant be brought to trial within specified period of time). "[T]he prosecutor's broad discretion over whether a case is prosecuted must be considered in conjunction with the judiciary's wide discretion as to when a case goes to trial." Commonwealth v. Taylor, 428 Mass. 623, 629 (1999). If the Commonwealth fails to prosecute a case, a judge has "the inherent authority to dismiss [the] indictment for failure to prosecute." Commonwealth v. Graham, 480 Mass. 516, 536 (2018). This authority extends to situations where the Commonwealth is not ready for trial because one of its witnesses is absent. Id.

When a judge dismisses a case for failure to prosecute, the dismissal ordinarily is without prejudice, thus allowing the prosecutor to refile the charges and to proceed with the prosecution. See Graham, 480 Mass. at 537. Because a dismissal without prejudice does not preempt further prosecution of a defendant, it is "upheld in the absence of an abuse of discretion." Id. at 536, quoting Commonwealth v. Connelly, 418 Mass. 37, 38 (1994).

Alternatively, a judge may dismiss a case with prejudice, so that the Commonwealth is precluded from refiling the same charges against the defendant. See Commonwealth v. Mason, 453 Mass. 873, 877 (2009). Because dismissal with prejudice "precludes a public trial and terminates criminal proceedings"

(citation omitted), id., such a dismissal raises concerns as to whether the court is infringing on the power of the executive branch, see Cheney, 440 Mass. at 574. For this reason, a court's inherent authority to dismiss an indictment with prejudice may be exercised only where there is either a "showing of irremediable harm to the defendant's opportunity to obtain a fair trial" or "prosecutorial misconduct that is egregious, deliberate, and intentional, or that results in a violation of constitutional rights" (citations omitted). Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298, 316 (2017). "Absent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice" (citation omitted). Brangan v. Commonwealth, 478 Mass. 361, 366 (2017). "To conclude otherwise would be to permit judges to substitute their judgment as to whom and what crimes to prosecute, for the judgment of those who are constitutionally charged with that duty, and who are accountable to the people for doing so responsibly." Cheney, supra at 575.

Here, in response to the Commonwealth's repeated failures to prosecute the defendant, the judge dismissed the case without prejudice. As the Commonwealth concedes, the dismissal was not an abuse of the judge's discretion. See Graham, 480 Mass. at 536, quoting Commonwealth v. Lucero, 450 Mass. 1032, 1033

(2008) ("where a prosecutor is unprepared to present her case due to the unexpected absence of a witness, a judge has discretion to dismiss the case without prejudice").  The judge, however, did not limit her order to a simple dismissal.  Rather, she added a condition that, in order to pursue new charges against the defendant for those offenses, the Commonwealth was required to file a motion to vacate the dismissal.  This requirement constituted a hurdle for the Commonwealth to overcome in order to reprosecute the case.  As a result, the Commonwealth could have continued to prosecute the defendant only with the court's approval.

The judge's ruling thus interfered with the prosecutor's exclusive "discretion in deciding whether to prosecute a particular defendant."  Cheney, 440 Mass. at 574.  This interference took place prior to a "verdict, finding, or plea," id. at 568, and was not based on a finding that the Commonwealth's delays constituted egregious misconduct, or that they prejudiced the defendant's ability to receive a fair trial, see Mason, 453 Mass. at 877.  While the ruling was not a dismissal with prejudice, it nonetheless improperly constrained "a power reserved for the executive branch" (quotations and citations omitted).  Commonwealth v. Powell, 453 Mass. 320, 323 (2009).  The ruling therefore was in violation of art. 30.

The defendant argues that the Commonwealth retained the right to pursue the prosecution because the judge's action did not permanently preempt the Commonwealth from prosecuting the case. Rather, the prosecutor could have moved to vacate the dismissal; this, according to the trial judge, would have resulted in a "hearing where everybody [could] be heard." The defendant contends that at such a hearing, the prosecutor could have argued that a dismissal with prejudice was not warranted; if the judge had been persuaded, she then could have placed the case back on the trial list.

This argument is unconvincing. Nothing in the record suggests that, had the prosecutor moved to vacate the dismissal, the hearing on the motion to vacate would have addressed whether a dismissal with prejudice was warranted. Rather, the judge could have upheld the dismissal without prejudice in the absence of a finding of egregious misconduct or prejudice to the defendant. See Commonwealth v. Gardner, 467 Mass. 363, 368 (2014) (dismissal without prejudice is upheld absent abuse of discretion). A hearing on a motion to vacate the dismissal thus would have been insufficient to protect the "exclusive power of the executive branch to prosecute criminal cases." Commonwealth v. Gonsalves, 432 Mass. 613, 620 (2000).

The defendant also argues that the judge did not abuse her discretion because the ruling was issued pursuant to her

inherent authority to manage the flow of the court's docket.  In the defendant's view, the court has the authority to take the measures necessary to maintain the efficiency of its docket in the face of the prosecutor's delays.

The courts' inherent powers are those that, while not statutorily provided, see Commonwealth v. Teixeira, 475 Mass. 482, 490 (2016), are "essential to the performance of their functions, to the maintenance of their authority, and to their capacity to determine the rights of parties according to law," Commonwealth v. Charles, 466 Mass. 63, 72-73 (2013), quoting Blankenburg v. Commonwealth, 260 Mass. 369, 373 (1927).  "The boundaries of inherent judicial authority have been established on a case-by-case basis as challenges to the exercise of a particular power have arisen."  Charles, supra at 73.  Among the courts' inherent powers, we have recognized the authority to dismiss an indictment for failure to prosecute, Graham, 480 Mass. at 536; to order prehearing discovery, Teixeira, supra at 491; to stay execution of a defendant's sentence in exceptional circumstances, Charles, supra at 79; and to make scheduling decisions with regard to trial, Super, 431 Mass. at 499; we have also recognized the authority "to control and supervise personnel within the judicial system" (citation omitted), Carrasquillo v. Hampden County Dist. Courts, 484 Mass. 367, 384 (2020).

"[T]he very conception of inherent power carries with it the implication that its use is for occasions not provided for by established methods.  Only when established methods fail, . . . or when an emergency arises which the established methods cannot or do not instantly meet, then and not till then does occasion arise for the exercise of the inherent power" (citation and alterations omitted).  Brach v. Chief Justice of the Dist. Court Dep't, 386 Mass. 528, 536 (1982).

Here, the court had an interest in discouraging further delays by the Commonwealth in order to "keep the judicial system in efficient operation," State Realty Co. of Boston v. MacNeil Bros. Co., 358 Mass. 374, 379 (1970), and to protect the "defendant's ability to receive a fair trial," Connelly, 418 Mass. at 39.  Established methods, however, would have sufficed to serve this interest.  In particular, prior to issuing her ruling, the judge could have made a finding on the record concerning the existence of either egregious misconduct or prejudice to the defendant, which would have enabled appellate review of the "propriety of such a finding."  See Commonwealth v. Lam Hue To, 391 Mass. 301, 314 (1984).  If more information were needed, the judge could have scheduled a hearing to determine whether a dismissal with prejudice was warranted. This would have provided the Commonwealth an opportunity to prepare an argument that its conduct did not surpass the "high

threshold that must be crossed before dismissal [with prejudice] is appropriate." Commonwealth v. Viverito, 422 Mass. 228, 230 (1996). We therefore conclude that the judge's ruling was not essential for the "judicial department to function" (citation omitted). See Charles, 466 Mass. at 73. Rather, the ruling constituted an unwarranted intrusion upon the powers granted exclusively to the executive branch under art. 30.

3. Conclusion. So much of the order granting the defendant's motion to dismiss as required the Commonwealth to file a motion to vacate the dismissal is vacated.

So ordered.