NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-211

COMMONWEALTH

vs.

JOSE GONZALEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 4, 2023, the defendant was charged by complaint in District Court with assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B (b). On March 22, 2024, defense counsel filed an assented-to motion to dismiss based on the assistant district attorney's erroneous belief that the victim did not want to testify. That motion was allowed the same day. Less than one month later, a different assistant district attorney sought a second complaint,[1] which charged the defendant with the same crime. On July 29, 2024, the defendant filed a second motion to dismiss. On November 1, 2024, after a non-evidentiary hearing, a District Court judge (motion judge)

---

[1] The first assistant district attorney had retired.

dismissed the complaint with prejudice.  The Commonwealth appeals that dismissal, and we reverse.

"Article 30 prohibits one branch of the government from interfering with the functions of another."  Commonwealth v. Rosa, 491 Mass. 369, 372 (2023), citing K.J. v. Superintendent of Bridgewater State Hosp., 488 Mass. 362, 368 (2021).  "[W]hen a judge, without any legal basis[,] preempts the Commonwealth's presentation of its case[,] that action effectively usurps the decision-making authority constitutionally allocated to the executive branch."  Rosa, supra, quoting Commonwealth v. Cheney, 440 Mass. 568, 574 (2003).  See art. 30 of the Declaration of Rights of the Massachusetts Constitution ("the judicial [department] shall never exercise the legislative and executive powers"); Commonwealth v. Gordon, 410 Mass. 498, 501 (1991) (judge may not usurp decision-making authority constitutionally allocated to executive branch).

When a judge dismisses a complaint with prejudice, the Commonwealth is precluded from instituting the same charges against the defendant.  Rosa, 491 Mass. at 373.  Dismissing a complaint in this manner "raises concerns as to whether the court is infringing on the power of the executive branch."  Id. See Cheney, 440 Mass. at 574.  Accordingly, "a court's inherent authority to dismiss [a complaint] with prejudice may be

2

exercised only where there is either a 'showing of irremediable harm to the defendant's opportunity to obtain a fair trial' or 'prosecutorial misconduct that is egregious, deliberate, and intentional, or that results in a violation of constitutional rights.'"  Rosa, supra, quoting Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298, 316 (2017).  "[D]ismissal with prejudice 'is a remedy of last resort.'"  Bridgeman, 476 Mass. at 316, quoting Commonwealth v. Cronk, 396 Mass. 194, 198 (1985).  See Commonwealth v. Mason, 453 Mass. 873, 877 (2009) (dismissal "precludes a public trial" [citation omitted]).

Here, the motion judge found that there was no egregious prosecutorial misconduct in the delayed disclosure to defense counsel of the video recording depicting the crime, which had been provided by the victim to the police.[2]  The motion judge found that the first assistant district attorney misunderstood

---

[2] The video recording was not made an exhibit at the motion to dismiss hearing.  Despite this, the motion judge made findings of fact based on defense counsel's description of its contents in her affidavit, and the judge's assertion was that the prosecutor did not challenge that description.  Putting aside that the prosecutor present at the time was filling in for his colleague assigned to the case, and that the record does not reflect that the substitute prosecutor had ever seen the video recording, ascertaining the actual contents of the video recording is not necessary to our resolution of the matter before us.  With that said, the better practice would have been to make the video recording an exhibit, and for the judge to view it before making findings as to its content.

the victim's desire to participate. He further found that the successor prosecutor promptly sought a new complaint on the same allegations after learning of the misunderstanding and promptly produced the key discovery, albeit months after her predecessor should have produced it. Noting the unusual circumstances of this case, the motion judge added that the second prosecutor could have availed herself of other means to bring the case back aside from seeking a second complaint,[3] but her choice not to was neither intentional nor egregious misconduct, and not a sufficient basis to dismiss the case with prejudice. These findings are all supported by the record, and the defendant does not argue otherwise.

The motion judge did, however, find that the defendant has been prejudiced as to his ability to defend himself at trial, specifically holding that he has been "substantially harmed and there is no adequate remedy other than dismissal with prejudice." In particular, the motion judge noted that the eight-month delay in providing the victim's video recording to the defense was not itself per se prejudicial. Instead, he concluded that the delay prevented the defendant from discovering the precise time and location of the incident in

_____

[3] See footnote 6 _infra_.

October or November of 2023, as well as denying him the opportunity to preserve surveillance footage held by a nearby business before it was lost.[4]  We disagree.[5]

As an initial matter, we note that the lost surveillance video footage was never in the possession, custody, or control of the police or the district attorney's office.  In that posture, the Commonwealth did not have a duty to preserve it.  See Commonwealth v. Sasville, 35 Mass. App. Ct. 15, 19-21 (1993).  In the absence of willful misconduct on the part of the

_____

[4] The judge also concluded that the delay "impeded the defendant from timely identifying and locating a third-party percipient witness" on the video recording and that the delay in identification of that witness was further compounded by "the transient nature of many of Holyoke's housing-insecure residents."  For the same reasons discussed infra, we disagree.

[5] We reject the defendant's contention that the Commonwealth is precluded from claiming a lack of prejudice where it has not made precisely the same claims at the hearing as it does now on appeal.  First, had the prosecutor conceded that the defendant was prejudiced, we would agree that the Commonwealth would be barred from arguing otherwise on appeal.  See Commonwealth v. Accaputo, 380 Mass. 435, 444 n.11 (1980).  However, at the motion to dismiss hearing, the prosecutor expressly, albeit without the same detail found on appeal, argued the defendant had suffered no prejudice.  Second, the defendant's reliance on Commonwealth v. Bettencourt, 447 Mass. 631, 633 (2006), is misplaced.  In that case, unlike here, the Commonwealth attempted to justify the actions of the police based on a theory that was raised for the first time on appeal, which the court prohibited.  Finally, because the motion judge's allowance of the motion to dismiss was premised on a finding of prejudice, the Commonwealth is free to challenge that determination on appeal.  See Commonwealth v. Page, 105 Mass. App. Ct. 532, 537 (2025).

authorities, as the judge found here, the defendant "has the initial burden . . . to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the [evidence] would have produced evidence favorable to his cause" (quotations and citation omitted). Commonwealth v. Cintron, 438 Mass. 779, 784 (2003). See Commonwealth v. Lam Hue To, 391 Mass. 301, 314 (1984). If the defendant meets his initial burden, the court "must proceed to balance the Commonwealth's culpability, the materiality of the evidence, and the prejudice to the defendant in order to determine whether the defendant is entitled to relief." Commonwealth v. Williams, 455 Mass. 706, 718 (2010).

Here, the defendant's speculative claim that the lost evidence would have been exculpatory is insufficient. It is not the equivalent of "concrete evidence." Commonwealth v. Meas, 467 Mass. 434, 448 (2014). As the motion judge noted, "it is possible" that neither the lost surveillance "footage nor the unidentified third-party witness would have yielded fruit in terms of providing exculpatory evidence to the defense." But more importantly, we do not accept the motion judge's conclusion that the delay in this case prevented the defense from canvassing the area near the location of the assault to make a timelier discovery of potential surveillance footage or

6

witnesses.  As the Commonwealth notes, the police report of the incident provided the address to where the police responded on October 2, 2023, and also recited the victim's report as to where the incident occurred.  The defendant had counsel on the day that the complaint issued, October 4, 2023, and a motion for funds for an investigator was allowed on October 19, 2023.  The defendant did not need the surveillance footage to embark on a timely investigation of the matter.

The motion judge also held that the key source of prejudice resulted from the delay in holding a hearing pursuant to Commonwealth v. Dougan, 377 Mass. 303, 316-317 (1979), to explore the circumstances of the victim's out-of-court identification of the defendant.  As the motion judge properly found, the delay in holding the Dougan hearing was occasioned by the assented-to dismissal of the first complaint.  As he also held, however, this dismissal was not the product of prosecutorial misconduct, but rather because of a simple misunderstanding.  When the Dougan hearing was held, after the issuance of the second complaint, the victim provided the details and circumstances under which he identified the defendant, and how the victim was familiar with the defendant prior to the incident.  The hearing also revealed that the

7

police did not direct or make suggestive the victim's identification.

The cases relied on by the motion judge and the defendant do not properly support the dismissal of the complaint with prejudice. In Commonwealth v. Gomes, 470 Mass. 352, 357 n.11 (2015), the court addressed how memories can fade over time, and in Commonwealth v. Crayton, 470 Mass. 228, 239-240 (2014), the court noted that a witness's level of confidence in an identification is not a reliable predictor of the accuracy of the identification, and the dangers of a first-time in-court identification.

Neither of these cases inform the circumstances of this case. First, if the victim here identifies the defendant in court at trial, it will not be a first-time identification to be treated as an in-court showup. See Crayton, 470 Mass. at 238-244. Second, although it is true that memories often fade over time, here the victim provided more details at the Dougan hearing relative to his identification than he had previously provided to the police. This could be explained by any number of reasons that could properly be explored at trial. In any event, degradation or alteration of the victim's memory was not enough to support dismissal of the charges with prejudice. The Legislature has addressed that concern by setting forth a six-

8

year statute of limitations for the crime with which the defendant was charged, see G. L. c. 277, § 63, and a judge may not shorten that period by dismissing a case with prejudice. See Commonwealth v. McLaughlin, 431 Mass. 241, 250 (2000) ("[t]he appropriate statute of limitations is a matter for the Legislature").  The defendant has failed to establish his initial burden, and the motion judge's order dismissing the complaint with prejudice "constituted an unwarranted intrusion upon the powers granted exclusively to the executive branch under art. 30."  Rosa, 491 Mass. at 376.[6]

> Order allowing motion to dismiss reversed.  A new order shall enter denying the motion.
>
> By the Court (Meade, Ditkoff & Toone, JJ.[7]),

*Paul Little*

Clerk

Entered:  December 10, 2025.

---

[6] Finally, the parties differ over the propriety of the motion judge's determination that it was error to issue the second complaint without notice to the defendant and an opportunity to be heard.  However, the motion judge expressly declined to make this a supporting basis of his decision to dismiss the complaint with prejudice.  In that posture, any resolution of the issue would be dicta, and we decline to address the matter.  See Crocker v. Justices of the Superior Court, 208 Mass. 162, 173 (1911).

[7] The panelists are listed in order of seniority.